IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY JOHN ROBERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:22-cv-02631-G (BT) |
| | § | |
| MICHAEL GADREY, et al., | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Billy John Roberson, a former state prisoner, filed this *pro se* civil action the Court construes as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Pet. 1, 8 (ECF No. 3) (stating it was filed "for the purpose of obtaining relief" from his "unlawfull [sic] felon conviction," and he seeks to have his "conviction [ ] overturned"); *see also Arreola-Amaya v. Fed. Bureau of Prisons*, 623 F. App'x 710, 710 (5th Cir. 2015) (per curiam) ("[A] challenge to the validity of a state conviction or sentence must be brought pursuant to 28 U.S.C. § 2254.") (citing *Felker v. Turpin*, 518 U.S. 651, 662 (1996)). For the following reasons, the Court should construe Roberson's action as a § 2254 petition and transfer it to the Fifth Circuit Court of Appeals as successive. In the alternative, the Court should dismiss Roberson's petition without prejudice because he fails to demonstrate he was in state custody when he filed his petition.

1

I.

In 2005, a Dallas County jury convicted Roberson of aggravated assault with a deadly weapon and sentenced him to six years' imprisonment. *See Roberson v. Quarterman*, Case No. 3:07-cv-339-B, (ECF No. 1). His conviction was affirmed on appeal, *id.* (citing *Roberson v. State*, No. 05-05-00629-CR, 2006 WL 147397 (Tex. App.–Dallas, Jan. 20, 2006, pet. dismissed)), and his petition for discretionary review (PDR) was dismissed as untimely, *id.* (citing *Roberson v. State*, No. 0454-06 (Tex. Crim. App. Apr. 12, 2006)). Roberson then filed a civil rights action that was construed, in part, as a state application for a writ of habeas corpus. *Id.* On February 14, 2007, the Texas Court of Criminal Appeals (CCA) denied his state habeas application. *Id.* (citing *Ex Parte Roberson*, No. 66,268-02 (Tex. Crim. App. Feb. 14, 2007)).

Thereafter, Roberson filed three § 2254 petitions in this Court, and each one was dismissed without prejudice for failure to exhaust. *Id.* (citing *Roberson v. State of Texas*, Case No. 3:06-cv-739-R (N.D. Tex. May 9, 2006); *Roberson v. Quarterman*, Case. No. 3:06-cv-1571-B, 2006 WL 2945572 (N.D. Tex. Oct. 11, 2006); *Roberson v. Quarterman*, 3:06-cv-1786-M, 2006 WL 3327654 (N.D. Tex. Nov. 14, 2006)).

On February 17, 2007, Roberson filed another § 2254 petition in which he argued: (1) the evidence was insufficient to support his conviction; (2) the prosecutor failed to disclose evidence to the defense; and (3) he

2

received ineffective assistance of counsel. *Id.* (ECF No. 1). The District Court denied the petition on the merits and denied a certificate of appealability (COA). *Id.* (ECF Nos. 18, 19, 47.) Then, on February 8, 2008, Roberson filed yet another § 2254 petition. *See Roberson v. Quarterman*, Case No. 3:08-cv-509-P. The Court determined this petition was second or successive and transferred it to the Fifth Circuit Court of Appeals. *Id.* (ECF Nos. 14, 15).

On November 22, 2022, Roberson filed the pending § 2254 petition. Although his precise arguments are difficult to discern, Roberson appears to argue:

(1) he has "new evidence" in which the alleged victim, Myshira Roberson, now claims no offense occurred;

(2) he suffers from mental impairments that impacted his ability to testify at trial;

(3) he seeks to challenge the sufficiency of the evidence against him;

(4) his case involves issues of reasonable doubt and other factors surrounding the Fourth Amendment;

(5) the State of Texas has "maliciously conducted" investigations; Pet. 9 (ECF No. 3); and

(6) his attorney provided ineffective assistance of counsel.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. ANTITERRORISM AND

3

EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). To raise a claim in a second or successive § 2254 petition, a prisoner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files a successive petition in the District Court, a three-judge panel of the Fifth Circuit must determine whether he makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is deemed successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). However, a second petition is not successive when the first petition was dismissed due to prematurity or for lack of exhaustion. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). This is so because "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Roberson's argument that the State lacked physical evidence for his conviction is something he knew at the time of his trial. That claim could have been brought in his § 2254 petition filed in February 2007. *See In re Cain*, 137 F.3d at 234, 235 (5th Cir. 1988) (a later petition is successive when

4

it raises a challenge that could have been raised in an earlier petition or otherwise constitutes an abuse of writ). Roberson's claim that he now has "new evidence" demonstrating he is actually innocent, in addition to any other new claims, are not properly before this Court. *See* 28 U.S.C. § 2244(b)(3)*; see also In re Davila,* 888 F.3d 179, 182 (5th Cir. 2018) (Before a petitioner can file a second or successive petition in the district court, he must obtain authorization from the appropriate court of appeals.).

In sum, the pending petition is a successive § 2254 petition. The Fifth Circuit has not issued an order authorizing this Court to consider Roberson's successive petition, and he must obtain such an order before he may file another petition for habeas relief under § 2254.

### III.

In the alternative, Roberson's petition should be dismissed because he failed to demonstrate he was in state custody pursuant to a state judgment when he filed the petition. A petition for a writ of habeas corpus by a prisoner attacking his state conviction and/or sentence must be brought on "behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b)(1). "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis

5

added); *see also* Pleasant v. State of Texas, 134 F.3d 1256, 1257 (5th Cir. 1998). A court may only consider a federal habeas petition under § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. 28 U.S.C. § 2254(a); *see also* Preiser v. Rodriguez, 411 U.S. 475, 484-87 (1973); Emmett v. Director, 2022 WL 379951, at *2 (N.D. Tex. Jan. 24, 2022), *rec. adopted* 2022 WL 378198. The "in custody" language contained in § 2254 does not require a petitioner to be in physical custody, but it does require that he demonstrate some additional restriction on his liberty. *See* Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., 411 U.S. 345, 351 (1973) (holding that a petitioner released on his own recognizance pending execution of his sentence was in custody within the meaning of 28 U.S.C. §§ 2241(c)(3) and 2254(a)); *see also* Jones v. Cunningham, 371 U.S. 236, 239-240 (1963) (the in custody requirement is satisfied when the petitioner is still subject to severe and immediate restraints on his liberty that are not shared by the public in general).

There are three considerations for a court when assessing whether a habeas petitioner can satisfy the "in custody" requirement: (1) whether the petitioner is subject to restraints not imposed on the general public; (2) whether the petitioner's incarceration is "a speculative possibility that depends on a number of contingencies over which [the petitioner] has no control;" and (3) whether a finding there is no custody simply postpones the habeas case until the petitioner is in jail. Hensley, 411 U.S. at 351-53; *see also*

6

*Spring v. Caldwell,* 692 F.2d 994, 997 (5th Cir. 1982); *Nixon v. Brown,* 2017 WL 4053724, at *2 (N.D. Tex. Sept. 5, 2017), *rec. adopted* 2017 WL 4005458. A writ of habeas corpus under § 2254 applies to a person who is "in custody" under a state court judgment. "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful *custody.*" *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 494-95 (1973). "A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Engle v. Isaac,* 456 U.S. 107, 119 (1982) (emphasis added); *see also Coleman v. Thompson,* 501 U.S. 722, 730 (1991) (noting that a federal district court does not review the state court judgment but the lawfulness of the petitioner's "custody"); *Brown v. Director,* 2022 WL 509352, at *12 (N.D. Tex. Jan. 28, 2022), *rec. adopted* 2022 WL 504170.

Roberson filed his petition on November 22, 2022. Pet. 2 (ECF No. 3). At that time, it does appear he was in State custody. *See id.* (Roberson's petition lists his return address as P.O. Box 852401, Mesquite, Texas 75185). And there is no other evidence suggesting Roberson was in custody when his habeas petition was filed. In view of these circumstances, the Court finds Roberson has failed to demonstrate that he meets the "in custody" requirement, and this Court lacks subject matter jurisdiction over this action. *See Nixon,* 2022 WL 451671, at *2 (where the petitioner failed to

7

satisfy the custody requirement associated with his § 2254 petition, the court lacked subject matter jurisdiction over it, and it was properly dismissed without prejudice); *see also* Reyna v. Director, TDCJ-CID, 2021 WL 6297752, at *2 (N.D. Tex. Dec. 6, 2021) (finding the custodial requirement "implicates the Court's jurisdiction over [the] case," so "a federal court lacks subject matter jurisdiction to entertain a petition if, at the time it is filed, the prisoner is not 'in custody' under the conviction and sentence that he seeks to attack."), *rec. adopted* 2022 WL 60351 (N.D. Tex. Jan. 6, 2022). For these reasons, Roberson's petition should be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

IV.

The Court should TRANSFER Roberson's petition for a writ of habeas corpus to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). In the alternative, Roberson's petition should be DISMISSED without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED**

Signed December 29, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

9